UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SAMUEL VENDRELL-SANTIAGO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 16-2196 (PAD)

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is Samuel Vendrell-Santiago's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" and "Memorandum of Law in Support of 28 U.S.C. § 2255" (Docket No. 1, 1-1). On August 17, 2016, the government moved to dismiss (Docket No. 4). On December 1, 2016, petitioner opposed the government's request (Docket No. 8).[1] For the reasons discussed below, the government's request is GRANTED and the petition DISMISSED.

## I. BACKGROUND

On March 4, 2015, petitioner pleaded guilty pursuant to a plea agreement, to conspiracy to possess with intent to distribute controlled substances within a protected location in violation of 21 U.S.C. § 841 (a) (1), § 846 and § 860 (Criminal No. 14-391 (PAD), Docket No. 707). The terms of the Plea Agreement called for an adjusted offense level of 34 (Criminal No. 14-391

---

[1] On December 6, 2016, the petition and the motion to dismiss were referred to U.S. Magistrate Judge Marcos E. López for Report and Recommendation (Docket Nos. 9 and 10). Because petitioner was represented by counsel, the Federal Public Defender, the Magistrate Judge ordered that the *pro se* response in opposition to the motion to dismiss be stricken from the record and granted petitioner's counsel until December 20, 2016 to file a new response to the government's motion to dismiss (Docket No. 11). His attorney complied and moved to withdraw from the case (Docket No. 12). On March 7, 2017, petitioner requested that his *pro se* motion be reinstated and that he be allowed to expound on the issues, claiming the issues received only cursory discussion in his attorney's response and to "more fully develop the legal theories introduced therein." On April 11, 2019, the referral to the U.S. Magistrate Judge was VACATED and the court announced it would rule on the pending motions. For the reasons stated in this Memorandum and Order, petitioner's *pro se* request for reinstatement of this response is GRANTED; the request to be allowed to expound on the issues is DENIED; and the request for the Federal Public Defender to withdraw as legal counsel at Docket No. 12 is GRANTED.

(PAD), Docket No. 705, p. 4). The parties did not stipulate the criminal history category but agreed to recommend a sentence within the applicable guideline range. Id. On June 17, 2015, petitioner was sentenced to a term of imprisonment of one hundred fifty-one (151) months, a term of supervised release of ten years, and payment of a Special Monetary Assessment of one hundred dollars (Criminal No. 14-391 (PAD), Docket No. 954). Judgment was entered the same day (Criminal No. 14-391 (PAD), Docket No. 967). Petitioner did not file a Notice of Appeal. Instead, he seeks relief by way of 28 U.S.C. § 2255 under Johnson v. United States, 576 U.S. ----, 135 S.Ct. 2551 (2015).

## II.     DISCUSSION

In the main, petitioner alleges that his career offender designation under the Sentencing Guidelines is contrary to Johnson (Docket No. 1-1 at p. 4). In Johnson, the Supreme Court held examined whether the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague such that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, 576 U.S. at ----, 135 S.Ct. at 2555-63.

The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." It defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion is known as the ACCA's "residual clause." Analyzing this provision, the Supreme Court in Johnson determined that the ACCA's "residual clause" is

unconstitutionally vague because its application was too "wide- ranging" and "indeterminate." Johnson, 576 U.S. at ----, 135 S.Ct. at 2555-63.

On April 18, 2016, the Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 578 U.S.----, 136 S.Ct. 1257, 1265 (2016). On March 6, 2017, however, it held that contrary to the vagueness problem that Johnson identified in connection with the residual clause of the ACCA, no such problem lies with respect to the residual clause set in Section 4B1.2(a) of the Sentencing Guidelines. Beckles v. United States, 580 U.S.----, 137 S.Ct. 886, 892-895 (2017).

In this light, the record does not support petitioner's claim for relief. Petitioner was convicted and sentenced under 21 U.S.C. §§ 841(a)(1), 846 and 860, provisions pertaining to a drug trafficking crime, not to a "violent felony." He was not sentenced as a career offender, but to a term of imprisonment of one hundred fifty-one (151) months, the lower end of the applicable guideline range, corresponding to a total offense level of 34 and a criminal history category of I. In this sense, he was sentenced pursuant to statutory provisions not affected by Johnson. But to the extent the petition is predicated on a vagueness challenge to the residual clause of the advisory sentencing guidelines, it is precluded by Beckles. As such, his request must be denied.

### III. CONCLUSION

For the reasons stated, the court GRANTS the government's motion to dismiss at Docket No. 4. Petitioner's Section 2255 Petition is DISMISSED. Judgment shall be entered accordingly. In connection with Rule 11 (a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To this end, the court may issue a certificate of appealability upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253

(c) (2).  Yet no such showing has been made here.  Consequently, the court will not issue a Certificate of Appealability.

**SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of April, 2019.

                                                                                     s/Pedro A. Delgado-Hernández
                                                                                     PEDRO A. DELGADO-HERNÁNDEZ
                                                                                     United States District Judge